**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AYHAN UYUR, | : |
| | : |
| Petitioner, | : CIVIL NO. 3:06-CV-1277 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| THOMAS HOGAN, ET AL., | : |
| | : |
| Respondents. | : |

**M E M O R A N D U M**

**I.   Introduction.**

On June 27, 2006, Ayhan Uyur, the Petitioner, an alien detainee housed at the York County Prison in the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE"), filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner claims that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001), as he has been held in detention more than 90 days after the issuance of his order of removal.  Petitioner has paid the requisite filing fee in this matter.  For the reasons set forth below, the petition will be dismissed as premature.

**II.   Background.**

Uyur, a native and citizen of Turkey, is subject to a final order of removal issued on March 9, 2006.  (Dkt. Entry 1, Petition.)  He alleges that he has fully

cooperated with ICE in removal efforts by providing his passport to Mr. Day, a Deportation Officer. Petitioner was advised by the Field Office Director that "ICE is in possession of a travel document to effect [his] removal and expects this to occur in April of 2006." (See Dkt. Entry 1, Attachment A, Notice Pursuant to 8 CFR 241.4(g)(4) dated April 11, 2006.)

In early May 2006, Uyur was notified that his custody status would be reviewed on or about May 29, 2006. (See Dkt. Entry 1, Attachment C, Notice to Alien of File Custody Review, dated May 4, 2006.) Petitioner does not disclose the results of that review. Petitioner adds that his brother contacted the Turkey Consulate General regarding the delay for his removal and was informed that "the ICE never held Turkeys [sic] people over than 3 weeks." (Dkt. Entry 1.)

Uyur contends that he has been held past the presumptively valid 90-day removal period and his continued detention violates 8 U.S.A. § 1231(a)(1)(c). (Id.) He seeks his immediate release from detention.

**III.     Discussion.**

The detention, release, and removal of aliens subject to a final order of removal is governed by the provisions of 8 U.S.C. § 1231. Pursuant to § 1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal becomes administratively final. During this 90-day period, which is referred

to in immigration terms as "the removal period,"[1] detention of the alien is mandatory. See 8 U.S.C. § 1231(a)(2). At the conclusion of the 90 day period, if the alien has not been removed and still remains in the United States, his post-removal-period detention may be continued only as long as "reasonably necessary" to effectuate his removal from the United States. Zadvydas, 533 U.S. at 689. Alternatively, he may be released under the supervision of the Attorney General. See 8 U.S.C. §§1231(a)(3) & (6).

    Contrary to Uyur's belief, the Supreme Court in Zadvydas, supra, held that the presumptively reasonable post-removal-detention period of an alien pursuant to 8 U.S.C. § 1231(a)(6) is six months, not 90 days. Zadvydas, 533 U.S. at 701. Detention past this presumptively reasonable period "does not mean that every alien not removed

---

[1] Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

(i)  The date the order of removal becomes administratively final.

(ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

must be released." Id.  If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  Id.

Uyur's order of removal was issued on March 9, 2006.  Petitioner's 90 day mandatory detention period thus ended on or about June 9, 2006.  At this point, the question is whether the presumptively reasonable six-month period of post-final-order detention has expired, and, if so, whether there is good reason to find that there is no significant likelihood of Uyur's removal in the reasonably foreseeable future.  See Qing Di Wang v. Carbone, No. Civ. A. 05-2386JAP, 2005 WL 2656677 (D.N.J. October 17, 2005)(citing.

Based on the facts asserted in the Petition, Uyur's presumptively reasonable six-month period of detention has not yet expired.  Assuming Uyur's order of removal became final on March 9, 2006, the six-month period will expire on or before September 9, 2006.  Therefore, Uyur's petition is premature.  See Okpoju v. Ridge, 115 Fed.Appx. 302 (5th Cir. 2004)(six-month period must have expired at the time habeas petition is filed); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir.2002))(same); Daniels v. Dept. of Homeland Sec., No. 06-2072(KSH), 2006 WL 1540798 (D.N.J. May 31, 2006);

As Uyur's Petition is premature, there is no need for the Court to examine whether Petitioner has established "that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121. S.Ct. at 2505.

For the reasons set forth above, the Court will dismiss Uyur's Petition for Writ of Habeas Corpus without prejudice to his filing a new § 2241 petition alleging that he has been detained for more than six months after entry of a final of removal, and that his removal is not reasonably foreseeable.

                                               **s/ Thomas I. Vanaskie**
                                               Thomas I. Vanaskie, Chief Judge
                                               Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AYHAN UYUR,** | : |
| | : |
| Petitioner, | : **CIVIL NO. 3:06-CV-1277** |
| | : |
| vs. | : **(CHIEF JUDGE VANASKIE)** |
| | : |
| **THOMAS HOGAN, ET AL.,** | : |
| | : |
| Respondents. | : |

## O R D E R

### July 28, 2006

**AND NOW,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The Petition for a Writ of Habeas Corpus (Dkt. Entry 1) is **DISMISSED** without prejudice.

2. The Clerk of Court shall mark this matter **CLOSED**.

         **s/ Thomas I. Vanaskie**
         Thomas I. Vanaskie, Chief Judge
         Middle District of Pennsylvania